**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3137
_____

DR. BRIANCE MASCARENHAS,
Appellant

v.

RUTGERS, THE STATE UNIVERSITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-16-cv-05348)
District Judge: Hon. Renee M. Bumb

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
Friday, June 19, 2020
_____

Before: SMITH, *Chief Judge*, CHAGARES and PORTER,
*Circuit Judges*.

(Filed: June 22, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Dr. Briance Mascarenhas sued his employer, Rutgers, the State University of New Jersey ("Rutgers"), alleging that it denied him a promotion because of his disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. The District Court granted summary judgment in Rutgers's favor. For the following reasons, we will affirm the District Court.

**I**

Rutgers hired Dr. Mascarenhas as an Associate Professor with tenure, but he was soon promoted to the rank of Professor. Dr. Mascarenhas applied unsuccessfully for a promotion to the rank of Professor II on four separate occasions.[1]

Rutgers's Promotion Review Committee ("PRC") denied his applications because, although Dr. Mascarenhas was a respected scholar, he had not received prizes or awards that would show that he had reached a level of national or international influence justifying the rank of Professor II. After his fourth application was denied, Dr. Mascarenhas filed a grievance alleging procedural deficiencies in the PRC's evaluation. The PRC reevaluated his fourth application packet, as well as an addendum in which Dr. Mascarenhas noted his vision disability.

The PRC again denied Dr. Mascarenhas the promotion. It once again reasoned that, although "Dr. . . . Mascarenhas is a respected scholar who has contributed to a

---

[1] The position of Professor II is Rutgers's highest professorial rank, which can be achieved through "scholarly eminence" and "significant recognition inside and outside [Rutgers]." J.A. 136.

2

number of research areas . . . Dr. . . . . Mascarenhas ha[d] not yet achieved the University-wide standard of accomplishment necessary to justify promotion to Professor II." *Id.* Dr. Mascarenhas appealed the denial of promotion to the Faculty Appeals Board, which sustained the PRC's decision.

Dr. Mascarenhas sued Rutgers, alleging that it denied him a promotion to Professor II because of his vision disability, in violation of the ADA.[2] The District Court granted summary judgment to Rutgers. Dr. Mascarenhas timely appealed.

## II[3]

Dr. Mascarenhas argues that summary judgment was inappropriate because a reasonable jury could conclude that Rutgers's proffered reasons for denying him the promotion were a pretext for discrimination. We disagree. Dr. Mascarenhas has failed to adduce any evidence that would give rise to an inference of pretext.

We apply the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to claims of discrimination brought under the ADA. *See, e.g.*, *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010). This framework proceeds in three steps. First, an employee must establish a prima facie case of

---

[2] Before suing, Dr. Mascarenhas timely filed a Charge of Discrimination with the Equal Opportunity Employment Commission. But the Commission made no determination and issued a right-to-sue letter to Dr. Mascarenhas.

[3] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Chartis Prop. Cas. Co. v. Inganamort*, 953 F.3d 231, 234 n.4 (3d Cir. 2020). "[W]e will affirm a grant of summary judgment only if there is no dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citation omitted); *see* Fed. R. Civ. P. 56(a).

discrimination. *McDonnell Douglas*, 411 U.S. at 802. Second, once an employee has made a prima facie case, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* at 802. Third, once an employer proffers a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons[ ] but were a pretext for discrimination." *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981)).

The parties concede that the first two steps are satisfied. The only question that we must decide is whether Dr. Mascarenhas has shown that Rutgers's proffered reason is pretextual. He has not.

To demonstrate pretext, an employee "cannot simply show that the employer's decision was wrong or mistaken[.]" *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (citation omitted). And a mere disagreement over qualifications for a promotion is not enough. *Molthan v. Temple Univ. of the Commonwealth Sys. of Higher Educ.*, 778 F.2d 955, 962 (3d Cir. 1985). Rather, the employee must submit evidence from which a "reasonable factfinder *could* rationally . . . infer 'that the employer did not act for [the asserted] non-discriminatory reasons.'" *Fuentes*, 32 F.3d at 765 (citations omitted and alteration in original).

No reasonable factfinder could conclude that Rutgers's proffered reason for denying Dr. Mascarenhas the promotion was pretextual. The chair of the PRC testified that the PRC never discussed Dr. Mascarenhas's disability because it "did not feel that

4

the vision disability issue was germane at all to the consideration[.]" J.A. 796. Rutgers's reason for denying the promotion was consistent with those it gave for each of its previous denials—even though the PRC did not know about Dr. Mascarenhas's disability on those previous occasions.

Dr. Mascarenhas argues that a jury could infer discrimination because the PRC denied him the promotion despite his record of accomplishments and the support he received from the dean and his department. *See, e.g.*, Appellant's Br. 28–31. But this argument fails because it amounts to a dispute over Dr. Mascarenhas's qualifications, and we have held that arguments that a university's "decision was wrong or mistaken[ ]" are not viable. *Fuentes*, 32 F.3d at 765 (citation omitted).[4]

Next, Dr. Mascarenhas contends that a jury could infer discrimination because the PRC treated other candidates differently. But in 2015, the PRC denied promotions to four candidates, even when the dean supported their applications. And another, non-disabled applicant was denied promotion to Professor II for the same reasons as Dr. Mascarenhas.

In short, Dr. Mascarenhas has a strong reputation for his teaching and scholarship while at Rutgers. But he has not adduced evidence creating a genuine factual dispute that Rutgers's decision to deny him promotion to Professor II was pretextual.

---

[4] Dr. Mascarenhas also claims that one of the PRC's justifications for its decisions—the lack of major prizes or awards—is not required by Rutgers's promotion policy. Dr. Mascarenhas's contention fails because it is tantamount to asserting that Rutgers's "decision was wrong or mistaken[.]" *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (citation omitted).

5

\*　　\*　　\*

For these reasons, we will affirm the District Court's order granting summary judgment.